■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLARENCE SUBER, Also Known as MILK, Appellant. [682 NYS2d 763] —Judgment unanimously affirmed. Memorandum: County Court properly denied defendant's motion for a severance. Where, as here, "proof against the defendants is supplied by the same evidence, only the most cogent reasons warrant a severance" (*People v Bornholdt,* 33 NY2d 75, 87, *cert denied sub nom. Victory v New York,* 416 US 905). The court did not abuse its discretion in denying defendant's request for an order requiring the appearance of the identifying witness at the *Wade* hearing. Defendant's contention that the witness would have testified that the identification procedure was unduly suggestive is "purely speculative" (*People v Chipp,* 75 NY2d 327, 339, *cert denied* 498 US 833). There is no merit to defendant's contention that the court erred in refusing to admit the testimony of a defense witness offered to establish bias or interest on the part of a prosecution witness. The proffered

testimony did not establish the existence of an agreement between the prosecution and the witness, and the court did not abuse its broad discretion in determining that the testimony was collateral (*see, People v Schwartzman,* 24 NY2d 241, 245, *cert denied* 396 US 846; *People v Beavers,* 127 AD2d 138, 141, *lv denied* 70 NY2d 642). In any event, any error is harmless (*see, People v Crimmins,* 36 NY2d 230, 242). Because the evidence established that defendant participated in the murder of the victim, the court properly charged the jury on accessorial liability (*see,* Penal Law § 20.00). The sentence is neither unduly harsh nor severe.

Because defense counsel failed to specify the basis for his objection to cross-examining codefendant concerning his statement to police and to object in a timely manner to the People's reference to that statement on summation, defendant's contentions regarding the statement are not preserved for our review (*see, People v Sanzotta,* 191 AD2d 1032). Defendant also failed to preserve for our review his contention that the court's *Sandoval* ruling was an abuse of discretion (*see,* CPL 470.05 [2]). We decline to exercise our power to reach those contentions as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). (Appeal from Judgment of Oneida County Court, Elliott, J.—Murder, 2nd Degree.) Present—Green, J. P., Wisner, Pigott, Jr., Balio and Fallon, JJ.