■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CORNELL MATHIS, Appellant. [708 NYS2d 87] —Judgment, Supreme Court, New York County (Budd Goodman, J.), rendered August 3, 1998, convicting defendant, after a jury trial, of assault in the first degree, and sentencing him, as a second felony offender, to a term of 11 years, unanimously affirmed.

Under the circumstances presented, defendant's claim that he was deprived of one of his allotted peremptory challenges requires preservation. The defense exercised only 14 of its 15 authorized challenges in the mistaken belief, following an inaccurate count by the court clerk, that it had used all 15 of them. Unlike the situation in *People v McGee* (76 NY2d 764), the court intended that defendant receive the full complement of 15 challenges. The clerk's error did not prevent defendant from preserving this issue; the defense had the responsibility to keep its own count of the peremptory strikes rather than relying exclusively upon that maintained by the clerk. The error did not fall within the "very narrow category of so-called 'mode of proceedings' errors" (*People v Agramonte*, 87 NY2d 765, 770). The fact that defendant received 14 instead of 15 peremptories cannot be said to have gone "to the essential validity of the proceedings conducted below" so that "entire trial [was] irreparably tainted" (*People v Patterson*, 39 NY2d 288, 296, *affd* 432 US 197). We decline to review this unpreserved claim in the interest of justice.

The court's rulings concerning defendant's efforts to introduce extrinsic evidence of an alleged prior inconsistent oral state-

ment by a People's witness were proper exercises of discretion that did not deprive defendant of a fair trial.

Defendant's challenge to the circumstances under which his undisputedly lawful sentence was imposed is of a type that requires preservation (*see, People v Callahan*, 80 NY2d 273, 281), and we decline to review this unpreserved claim in the interest of justice. Were we to review this claim, we would find that the record does not establish that, at the time of sentencing, the court was under a misapprehension as to the lawful range of sentencing alternatives. Concur—Nardelli, J. P., Tom, Rubin, Andrias and Buckley, JJ.