THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY BESTER, Appellant. [801 NYS2d 444]—Appeal from a judgment of the Erie County Court (Sheila A. DiTullio, J.), rendered December 2, 1998. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and criminal possession of a weapon in the third degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by vacating the sentences imposed on the two counts of criminal possession of a weapon in the third degree and as modified the judgment is affirmed, and the matter is remitted to Erie County Court for resentencing on counts three and four of the indictment.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal

Law § 125.25 [1]) and two counts of criminal possession of a weapon in the third degree (§ 265.02 [1]). Defendant failed to preserve for our review his contention that County Court deprived him of his right to a jury of his choice when it misinformed defense counsel of the number of defendant's remaining peremptory challenges (*see People v Mathis*, 272 AD2d 250 [2000], *lv denied* 95 NY2d 936 [2000]; *see also People v Garcia*, 2 AD3d 302 [2003], *lv denied* 2 NY3d 740 [2004]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Contrary to defendant's further contentions, the verdict is not against the weight of the evidence (*see People v Amin*, 294 AD2d 863 [2002], *lv denied* 98 NY2d 672 [2002]; *People v Irizarry*, 238 AD2d 940, 940-941 [1997], *lv denied* 90 NY2d 894 [1997]; *see generally People v Bleakley*, 69 NY2d 490, 495 [1987]), and the term of imprisonment imposed on the murder count is not unduly harsh or severe. We agree with defendant, however, that the terms of imprisonment imposed on the counts of criminal possession of a weapon in the third degree are unlawful. Defendant was sentenced as a second felony offender, and thus the maximum term of imprisonment for each of those counts is an indeterminate term of 3½ to 7 years (*see* Penal Law § 265.02; *see also* § 70.06 [3] [d]; [4] [b]). We therefore modify the judgment accordingly, and we remit the matter to County Court for resentencing on counts three and four of the indictment (*see People v Douglas*, 16 AD3d 1039 [2005]). Present—Hurlbutt, J.P., Scudder, Smith, Pine and Hayes, JJ.