■ The People of the State of New York, Respondent, v Gabriel Dilly, Appellant. [923 NYS2d 211]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Konviser, J.), rendered June 24, 2009, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of assault in the second degree pursuant to Penal Law § 120.05 (2) in connection with an

incident that occurred inside a Brooklyn night club. The jury found that the defendant caused physical injury to the complainant by means of a dangerous instrument. On appeal, the defendant contends that the evidence was legally insufficient and the verdict of guilt was against the weight of the evidence inasmuch as the People failed to prove beyond a reasonable doubt that he used a dangerous instrument rather than simply punching the complainant during the altercation.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish that the defendant used a dangerous instrument. Moreover, upon reviewing the record here, we are satisfied that the verdict of guilt as to assault in the second degree was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). The People presented uncontroverted expert medical testimony from the physician who supervised a surgery to repair the complainant's tear duct days after the incident. This medical expert testified that the injury to the complainant's lower eyelid, which he called a laceration, could only have been caused by "an object with an edge" and could not have been caused by a fist (*see People v Wade*, 274 AD2d 438 [2000]; *People v Vincent*, 231 AD2d 444 [1996]).

The defendant's contentions that he was deprived of a fair trial by prosecutorial misconduct during summation are unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Romero*, 7 NY3d 911, 912 [2006]; *People v Carrieri*, 49 AD3d 660, 662 [2008]), are without merit, or constitute harmless error in light of the overwhelming evidence of his guilt (*see People v Crimmins*, 36 NY2d 230, 242 [1975]; *People v Brody*, 82 AD3d 784 [2011]; *People v Porco*, 71 AD3d 791, 794 [2010], *lv granted* 15 NY3d 854 [2010]).

The defendant received the effective assistance of counsel (*see People v Benevento*, 91 NY2d 708, 712 [1998]). The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Rivera, J.P., Dickerson, Hall and Cohen, JJ., concur.