# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**183**

**KA 13-01707**

PRESENT: PERADOTTO, J.P., CARNI, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

GORDIE W. WALKER, JR., DEFENDANT-APPELLANT.

---

WILLIAMS, HEINL, MOODY & BUSCHMAN, P.C., AUBURN (RYAN JAMES MULDOON OF COUNSEL), FOR DEFENDANT-APPELLANT.

GORDIE W. WALKER, JR., DEFENDANT-APPELLANT PRO SE.

JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Cayuga County Court (Thomas G. Leone, J.), rendered August 1, 2013. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree and criminal possession of stolen property in the fifth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of burglary in the second degree (Penal Law § 140.25 [2]) and criminal possession of stolen property in the fifth degree (§ 165.40), defendant contends that the evidence is legally insufficient to support his conviction. Defendant's contention is unpreserved for our review inasmuch as he failed to renew his motion for a trial order of dismissal after presenting evidence (*see People v Hines*, 97 NY2d 56, 61, *rearg denied* 97 NY2d 678). In any event, that contention is without merit (*see generally People v Bleakley*, 69 NY2d 490, 495). The record establishes that defendant attended a party at the victim's apartment, that he was the last person to leave the party, and that he was alone in the apartment in the hours before the victim discovered that his property had been stolen. Further, the day after the party, defendant sold the property stolen from the victim. We thus conclude that "[d]efendant's recent and exclusive possession of the property that constituted the fruits of the burglary, and the absence of credible evidence that the crime was committed by someone else, justified the inference that defendant committed the burglary" and knowingly possessed stolen property (*People v Marshall*, 198 AD2d 907, 907, *lv denied* 82 NY2d 898; *see People v Jackson*, 66 AD3d 1415, 1416; *People v Scurlock*, 33 AD3d 366, 366, *lv denied* 7 NY3d 928). Viewing the evidence in light of the elements of the crimes as charged to the

jury (*see People v Danielson*, 9 NY3d 342, 349), we likewise conclude that the verdict is not against the weight of the evidence (*see Bleakley*, 69 NY2d at 495).  We note that "[r]esolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury" (*People v Witherspoon*, 66 AD3d 1456, 1457, *lv denied* 13 NY3d 942 [internal quotation marks omitted]), and we see no reason to disturb the jury's resolution of those issues in this case.

Contrary to the contention of defendant in his pro se supplemental brief, we conclude that County Court properly granted the People's motion to amend the indictment to conform to the proof at trial inasmuch as "[t]he minor temporal correction did not change the theory of the prosecution or cause any prejudice to . . . defendant" (*People v Hankins*, 265 AD2d 572, 572, *lv denied* 94 NY2d 880; *see* CPL 200.70 [1]; *People v Lane*, 47 AD3d 1125, 1127, *lv denied* 10 NY3d 866; *People v Grasso*, 237 AD2d 741, 742, *lv denied* 89 NY2d 1035).

Entered:  February 13, 2015                    Frances E. Cafarell
                                               Clerk of the Court