# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

335

KA 12-01367

PRESENT: SMITH, J.P., DEJOSEPH, NEMOYER, TROUTMAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

KEITH E. CARMEL, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DREW R. DUBRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (ROBERT J. SHOEMAKER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Joanne M. Winslow, J.), rendered July 11, 2012. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree, criminal possession of a forged instrument in the second degree and criminal possession of stolen property in the fourth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, burglary in the second degree (Penal Law § 140.25 [2]), defendant contends that the evidence is legally insufficient to support the conviction of burglary because the People failed to present any direct evidence that defendant was the person who entered and stole property from the victims' home. We reject that contention. The People presented evidence establishing that the victims' home was unlawfully entered after they went to sleep at 10:00 p.m. on July 15, 2010 and that various items were taken from their home. At approximately 12:50 a.m. on July 16, 2010, recordings from surveillance cameras at a 24-hour supermarket located 1 ½ miles from the victims' residence showed defendant at the supermarket with a bicycle and a backpack that were stolen from the residence. Moreover, defendant purchased various items at the supermarket using a credit card that was stolen from the residence. We conclude that "[d]efendant's recent and exclusive possession of the property that constituted the fruits of the burglary, and the absence of credible evidence that the crime was committed by someone else, justified the inference that defendant committed the burglary" (*People v Marshall*, 198 AD2d 907, 907, *lv denied* 82 NY2d 898; *see People v Walker*, 125 AD3d 1507, 1507-1508, *lv denied* 25 NY3d 1209). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see*

*People v Danielson*, 9 NY3d 342, 349), we likewise conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

We reject defendant's further contention that he was denied effective assistance of counsel.  Defendant has failed to establish the absence of any strategic or other legitimate explanation for defense counsel's alleged error in failing to object to identification testimony (*see generally People v Caban*, 5 NY3d 143, 152), and we conclude that defendant received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147).

Entered:  April 29, 2016
Frances E. Cafarell
Clerk of the Court