# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

313

KA 12-02143

PRESENT: CARNI, J.P., LINDLEY, DEJOSEPH, TROUTMAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

RICKEY D. FORD, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (KIMBERLY F. DUGUAY OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered September 12, 2012. The judgment convicted defendant, upon a jury verdict, of assault in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of assault in the second degree (Penal Law §§ 20.00, 120.05 [2]). This case arose from an incident in which two men attacked the victim outside a bar following a disagreement over a game of darts. Eyewitnesses identified defendant as one of the victim's attackers; the second man remained unidentified.

Defendant failed to preserve for our review his challenge to the legal sufficiency of the evidence inasmuch as his motion for a trial order of dismissal was not " 'specifically directed' " at the alleged error now raised on appeal (*People v Gray*, 86 NY2d 10, 19; *see People v Simmons*, 133 AD3d 1227, 1227). In any event, we conclude that the evidence is legally sufficient. With respect to the element of use of a "deadly weapon or dangerous instrument" (Penal Law § 120.05 [2]), an expert physician testified that the victim's wounds were consistent with a cut from a sharp object, but not consistent with a tear, and the People introduced photographs of those wounds. Although none of the eyewitnesses observed defendant or the unidentified man use or possess a weapon, we conclude that the circumstantial evidence is legally sufficient to establish that the victim suffered no fewer than five wounds caused by a dangerous instrument (*see People v Robinson*, 288 AD2d 887, 888, *affd* 98 NY2d 755; *People v Dilly*, 84 AD3d 1110, 1111, *lv denied* 17 NY3d 858). We further conclude that the evidence is legally sufficient to establish that defendant intentionally aided the unidentified man in causing the victim physical injury by means of

a dangerous instrument (*see* § 20.00).  Regardless whether defendant
was initially aware of the presence of a sharp object, his "continued
participation in the assault [is] sufficient to support the conclusion
that he intentionally aided in the assault with a dangerous
instrument" (*People v Gurgov*, 129 AD3d 989, 990).  Furthermore,
viewing the evidence in light of the elements of the crime of assault
in the second degree as an accessory as charged to the jury (*see
People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is
not against the weight of the evidence (*see generally People v
Bleakley*, 69 NY2d 490, 495).

We agree with defendant that Supreme Court erred in denying his
request for an adverse inference charge based on the People's failure
to produce the surveillance video of the interior of the bar (*see
People v Handy*, 20 NY3d 663, 669; *People v Butler*, 140 AD3d 1610,
1612, *lv denied* 28 NY3d 969).  Nevertheless, we conclude that the
error is harmless (*see generally People v Crimmins*, 36 NY2d 230, 237).
Finally, defendant failed to preserve his contention that the court
denied him the right to exercise a peremptory challenge (*see People v
Bester*, 21 AD3d 1366, 1367), and we decline to exercise our power to
review that contention as a matter of discretion in the interest of
justice (*see* CPL 470.15 [6] [a]).

Entered:  March 24, 2017                        Frances E. Cafarell
                                                Clerk of the Court