People v Johnson (2021 NY Slip Op 05217)





People v Johnson


2021 NY Slip Op 05217


Decided on October 1, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, BANNISTER, AND DEJOSEPH, JJ.


744 KA 14-01624

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RONDELL JOHNSON, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (BENJAMIN L. NELSON OF COUNSEL), FOR DEFENDANT-APPELLANT.
RONDELL JOHNSON, DEFENDANT-APPELLANT PRO SE.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered June 16, 2014. The judgment convicted defendant upon a jury verdict of robbery in the first degree, robbery in the second degree and criminal possession of a weapon in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and a new trial is granted in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of robbery in the first degree (Penal Law § 160.15 [4]), robbery in the second degree
(§ 160.10 [1]), and two counts of criminal possession of a weapon in the second degree (§ 265.03 [1] [b]; [3]). In his pro se supplemental brief, defendant contends that the police lacked reasonable suspicion to stop, detain and frisk him, and thus Supreme Court erred in refusing to suppress tangible evidence obtained as a result of that police conduct. We reject that contention. A police officer testified at the suppression hearing that he received a radio dispatch reporting a robbery, providing a description of two suspects who were armed with handguns, and providing the global position system tracking location of a cellular phone taken from a victim during the robbery. Within seconds of the radio dispatch, the officer arrived at that location and stopped defendant, who matched the general description from the dispatch call. Under these circumstances, the stop and ensuing detention and frisk of defendant were supported by the requisite reasonable suspicion of criminal activity (see People v Hicks, 68 NY2d 234, 240-242 [1986]; People v Thomas, 167 AD3d 1519, 1520 [4th Dept 2018], lv denied 32 NY3d 1210 [2019]; see generally People v De Bour, 40 NY2d 210, 223 [1976]). In addition, we reject the further contention of defendant in his pro se supplemental brief that the showup identification procedure was unduly suggestive. Defendant was apprehended near the crime scene within minutes of the crime and the showup procedure took place shortly thereafter (see People v Duuvon, 77 NY2d 541, 543 [1991]; People v Wilson, 104 AD3d 1231, 1232 [4th Dept 2013], lv denied 21 NY3d 1011 [2013], reconsideration denied 21 NY3d 1078 [2013]). Furthermore, the fact that defendant was handcuffed and accompanied by a uniformed officer did not render the showup procedure unduly suggestive (see People v Newton, 24 AD3d 1287, 1288 [4th Dept 2005], lv denied 6 NY3d 836 [2006]; People v Ponder, 19 AD3d 1041, 1043 [4th Dept 2005], lv denied 5 NY3d 809 [2005]).
However, we agree with defendant's contention in his main brief, as the People correctly concede, that the court committed reversible error when it "negotiated and entered into a [plea] agreement with a codefendant[,] requiring that individual to testify against defendant in exchange for a more favorable sentence" (People v Towns, 33 NY3d 326, 328 [2019]). We conclude that, "by assuming the function of an interested party and deviating from its own role as a neutral arbiter, the trial court denied defendant his due process right to '[a] fair trial in a fair tribunal' " [*2](id. at 333). We therefore reverse the judgment and grant a new trial before a different justice (see People v Lawhorn, 178 AD3d 1466, 1467 [4th Dept 2019]).
Defendant's remaining contention in his main brief is academic in light of our determination.
Entered: October 1, 2021
Ann Dillon Flynn
Clerk of the Court