People v McDermott (2021 NY Slip Op 07446)





People v Mcdermott


2021 NY Slip Op 07446


Decided on December 23, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND BANNISTER, JJ.


1078 KA 20-00591

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MARK K. MCDERMOTT, DEFENDANT-APPELLANT. 






JOHN J. RASPANTE, UTICA, FOR DEFENDANT-APPELLANT.
MARK K. MCDERMOTT, DEFENDANT-APPELLANT PRO SE. 
SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered February 21, 2020. The judgment convicted defendant upon a jury verdict of burglary in the second degree, grand larceny in the fourth degree, criminal possession of stolen property in the fourth degree and criminal mischief in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of burglary in the second degree (Penal Law
§ 140.25 [2]), grand larceny in the fourth degree (§ 155.30 [4]), criminal possession of stolen property in the fourth degree (§ 165.45 [2]), and criminal mischief in the fourth degree (§ 145.00 [1]). We affirm.
Defendant's contention that the evidence is legally insufficient to support the conviction is unpreserved for our review because defendant's general motion for a trial order of dismissal was not
" 'specifically directed' at" any alleged shortcoming in the evidence now raised on appeal (People v Gray, 86 NY2d 10, 19 [1995]; see People v Ford, 148 AD3d 1656, 1657 [4th Dept 2017], lv denied 29 NY3d 1079 [2017]). Nevertheless, " 'we necessarily review the evidence adduced as to each of the elements of the crimes in the context of our review of defendant's challenge regarding the weight of the evidence' " (People v Stepney, 93 AD3d 1297, 1298 [4th Dept 2012], lv denied 19 NY3d 968 [2012]).
Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). An acquittal would have been unreasonable on this record given the largely uncontested evidence establishing that, within minutes of the burglary, defendant was found near the crime scene by the police, walking away from the crime scene towards his own residence, and that he appeared to have dropped the distinctive aqua-colored purse that the victim testified had just been stolen by an intruder who forced his way into her home. Further, defendant matched the general description of the intruder reported by the victim, and the tread of his boot was similar to the boot print left on the victim's door. Even assuming, arguendo, that an acquittal would not have been unreasonable, we cannot conclude that the jury "failed to give the evidence the weight it should be accorded" (id.).
We conclude that the sentence is not unduly harsh or severe. We have reviewed defendant's remaining contentions, including those raised in his pro se supplemental brief, and we conclude that none warrants modification or reversal of the judgment.
Finally, we note that the certificate of disposition incorrectly reflects that defendant was sentenced to 25 years to life imprisonment on count one of the indictment, and it must therefore be amended to reflect that he was sentenced to 22 years to life for that count (see People v Coffie, 192 AD3d 1641, 1643 [4th Dept 2021], lv denied 37 NY3d 963 [2021]; People v Cruz-Rivera, 174 AD3d 1512, 1514 [4th Dept 2019], lv denied 34 NY3d 1127 [2020]; People v Correa, 145 AD3d 1640, 1641 [4th Dept 2016]).
Entered: December 23, 2021
Ann Dillon Flynn
Clerk of the Court