People v Johnson (2022 NY Slip Op 02699)

People v Johnson

2022 NY Slip Op 02699

Decided on April 22, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 22, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, AND NEMOYER, JJ.

348 KA 19-00950

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOSHUA Q. JOHNSON, DEFENDANT-APPELLANT. 

PAUL B. WATKINS, FAIRPORT, FOR DEFENDANT-APPELLANT.
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Ontario County (Craig J. Doran, J.), rendered October 18, 2017. The appeal was held by this Court by order entered March 19, 2021, decision was reserved and the matter was remitted to Supreme Court, Ontario County, for further proceedings (192 AD3d 1612 [4th Dept 2021]). The proceedings were held and completed. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of assault in the first degree (Penal Law § 120.10 [1], [4]), two counts of assault in the second degree (§ 120.05 [2], [6]), four counts of burglary in the first degree (§ 140.30 [1], [2], [3], [4]), and four counts of robbery in the first degree (§ 160.15 [1], [2], [3], [4]). The conviction arises from a home invasion robbery by two perpetrators during which one victim was struck in the head with the end of a shotgun and another victim was shot in the abdomen, rendering him paraplegic. We previously held this case, reserved decision, and remitted the matter to Supreme Court for a ruling on defendant's motion for a trial order of dismissal, on which the court had reserved decision but failed to rule (People v Johnson, 192 AD3d 1612 [4th Dept 2021]). Upon remittal, the court denied the motion, and we now affirm.
Defendant contends that the evidence is legally insufficient to establish his identity as one of the perpetrators and the unlawful entry element of the burglary charges. Initially, defendant's contention that the evidence is legally insufficient to support the conviction is not preserved for our review inasmuch as his general motion for a trial order of dismissal was not " 'specifically directed' at" any alleged shortcoming in the evidence now raised on appeal (People v Gray, 86 NY2d 10, 19 [1995]; see People v McDermott, 200 AD3d 1732, 1733 [4th Dept 2021], lv denied 38 NY3d 929 [2022]). In any event, that contention lacks merit. "Viewing the evidence in the light most favorable to the People, and giving them the benefit of every reasonable inference" (People v Bay, 67 NY2d 787, 788 [1986]), we conclude that there is a "valid line of reasoning and permissible inferences which could lead a rational person to the conclusion" (People v Bleakley, 69 NY2d 490, 495 [1987]) that defendant was one of the two perpetrators (see People v Alston, 174 AD3d 1349, 1350 [4th Dept 2019], lv denied 34 NY3d 978 [2019], reconsideration denied 34 NY3d 1014 [2019], cert denied — US &mdash, 140 S Ct 2530 [2020]) and that defendant unlawfully entered the dwelling (see People v Miller, 32 NY2d 157, 159 [1973]; People v Wright, 1 AD3d 707, 707-708 [3d Dept 2003], lv denied 1 NY3d 636 [2004]; see generally People v Mosley, 200 AD3d 1664, 1665-1666 [4th Dept 2021]).
Additionally, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's further contention that the verdict is against the weight of the evidence with respect to his identity as one of the perpetrators (see People v Settles, 192 AD3d 1510, 1511-1512 [4th Dept 2021], lv denied 37 NY3d 960 [2021]) and his unlawful entry (see People v Curran, 139 AD3d 1085, 1086 [2d Dept 2016], lv denied 31 NY3d 1080 [2018]; Wright, 1 AD3d at 708). Even assuming, arguendo, that [*2]a different verdict would not have been unreasonable, we conclude that it cannot be said that the jury failed to give the evidence the weight it should be accorded (see generally Bleakley, 69 NY2d at 495).
Entered: April 22, 2022
Ann Dillon Flynn
Clerk of the Court