People v Desmond (2023 NY Slip Op 00791)

People v Desmond

2023 NY Slip Op 00791

Decided on February 10, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, CURRAN, AND OGDEN, JJ.

1043 KA 17-00344

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DAVID L. DESMOND, DEFENDANT-APPELLANT. 

ERIK TEIFKE, ACTING PUBLIC DEFENDER, ROCHESTER (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Christopher S. Ciaccio, J.), rendered October 19, 2016. The judgment convicted defendant upon a jury verdict of burglary in the second degree and robbery in the third degree. 
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Monroe County Court for further proceedings in accordance with the following memorandum: On appeal from a judgment convicting him upon a jury verdict of burglary in the second degree (Penal Law § 140.25 [2]) and robbery in the third degree (§ 160.05), defendant contends that the showup identification procedures involving the two victims were unduly suggestive and therefore County Court erred in refusing to suppress identification evidence. To the extent that it is preserved for our review (see CPL 470.05 [2]; People v Ortiz, 90 NY2d 533, 536-537 [1997]; People v Johnson, 192 AD3d 1612, 1613 [4th Dept 2021], lv denied 38 NY3d 1071 [2022]), we reject defendant's contention. "The showup procedure[s] w[ere] reasonable under the circumstances because [they were] conducted in geographic and temporal proximity to the crime" (People v Nance, 132 AD3d 1389, 1390 [4th Dept 2015], lv denied 26 NY3d 1091 [2015] [internal quotation marks omitted]; see People v Johnson, 198 AD3d 1320, 1321 [4th Dept 2021]; People v Santiago, 83 AD3d 1471, 1471 [4th Dept 2011], lv denied 17 NY3d 800 [2011]). Moreover, the visual showup procedure involving one of the victims was not rendered unduly suggestive by the fact that defendant was in handcuffs and was illuminated—in the middle of the night—by the police vehicle's high beams (see People v Crittenden, 179 AD3d 1543, 1544 [4th Dept 2020], lv denied 35 NY3d 969 [2020]; Nance, 132 AD3d at 1390; cf. People v Cruz, 129 AD3d 119, 123 [1st Dept 2015], lv denied 26 NY3d 971 [2015]).
We also conclude that the voice identification procedure involving the other victim was not unduly suggestive. A voice identification is governed by the same due process guarantees as other identification procedures (see People v Greco, 230 AD2d 23, 30 [4th Dept 1997], lv denied 90 NY2d 858 [1997], reconsideration denied 90 NY2d 940 [1997]; People v Shepard, 162 AD2d 226, 226 [1st Dept 1990], lv denied 76 NY2d 944 [1990]). Here, the police did not "convey[ ] their beliefs or otherwise suggest[ ] . . . defendant's guilt to the" victim (People v Collins, 60 NY2d 214, 219 [1983]). Although the victim's degree of confidence in his identification of defendant as the intruder increased as defendant continued to talk, until the victim became "definitely sure," at no time did the police pressure the victim into making an identification. Based on the totality of the circumstances, we conclude that the voice identification procedure was not unduly suggestive.
Defendant further contends that the evidence is legally insufficient to support the conviction and that the matter must be remitted for a ruling on his motion for a trial order of dismissal, with respect to the second count of the indictment, i.e., the burglary in the second degree count of which he was convicted. At the close of the People's case, defendant moved for a trial order of dismissal, arguing, inter alia, that the People failed to make a prima facie case [*2]with respect to the second count of the indictment. There is no indication in the record that the court ruled on that part of defendant's motion. We lack the power to review defendant's contention that the evidence is legally insufficient to support the conviction of burglary in the second degree because, "in accordance with People v Concepcion (17 NY3d 192, 197-198 [2011]) and People v LaFontaine (92 NY2d 470, 474 [1998], rearg denied 93 NY2d 849 [1999]), we cannot deem the court's failure to rule on the . . . motion as a denial thereof" (People v Moore, 147 AD3d 1548, 1548 [4th Dept 2017] [internal quotation marks omitted]; see People v White, 134 AD3d 1414, 1415 [4th Dept 2015]; see generally People v Spratley, 96 AD3d 1420, 1421 [4th Dept 2012]). We therefore hold the case, reserve decision, and remit the matter to County Court for a ruling on that part of the motion (see Moore, 147 AD3d at 1548; White, 134 AD3d at 1415). In light of our determination, we do not address defendant's remaining contentions.
Entered: February 10, 2023
Ann Dillon Flynn
Clerk of the Court