People v Sides (2023 NY Slip Op 02213)

People v Sides

2023 NY Slip Op 02213

Decided on April 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CURRAN, BANNISTER, AND MONTOUR, JJ.

241 KA 21-00869

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SAM SIDES, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 

KEEM APPEALS, PLLC, SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Ontario County (Alex R. Renzi, J.), rendered November 21, 2019. The judgment convicted defendant upon his plea of guilty of burglary in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of burglary in the second degree (Penal Law § 140.25 [2]). In appeal No. 2, he appeals from a judgment convicting him upon a jury verdict of grand larceny in the third degree (§ 155.35 [1]). The judgments arise out of an incident in which defendant allegedly broke into a dwelling and stole property therein. We affirm in both appeals.
Defendant contends that Supreme Court erred in admitting in evidence at his trial the entirety of the victim's 911 call made during the break-in, on the ground that the last 30 seconds of the audio recording consisted solely of the victim's crying. We conclude, however, that the court did not abuse its discretion in admitting the entirety of the 911 call because, as a contemporaneous account of the break-in, the call "was relevant to corroborate some of the [victim's] testimony" and the admission of the call in its entirety "was not so inflammatory that its prejudicial effect exceeded its probative value" (People v Gonzalez, 177 AD3d 569, 570 [1st Dept 2019], lv denied 35 NY3d 993 [2020] [internal quotation marks omitted]; see generally People v Stevens, 76 NY2d 833, 835 [1990]; People v Walton, 178 AD3d 1459, 1459 [4th Dept 2019], lv denied 35 NY3d 1030 [2020]). In any event, we conclude that any error is harmless (see generally People v Crimmins, 36 NY2d 230, 241-242 [1975]).
Defendant's contention that the evidence is legally insufficient to support the conviction of grand larceny in the third degree is unpreserved for our review because defendant's general motion for a trial order of dismissal was not " 'specifically directed' at" any alleged shortcoming in the evidence now raised on appeal (People v Gray, 86 NY2d 10, 19 [1995]; see People v Ford, 148 AD3d 1656, 1657 [4th Dept 2017], lv denied 29 NY3d 1079 [2017]). Nevertheless, " 'we necessarily review the evidence adduced as to each of the elements of the crime[] in the context of our review of defendant's challenge regarding the weight of the evidence' " (People v Stepney, 93 AD3d 1297, 1298 [4th Dept 2012], lv denied 19 NY3d 968 [2012]).
Viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). An acquittal would have been unreasonable on this record given the largely uncontested evidence establishing that, within minutes of the break-in, defendant was found outside the victim's house, [*2]he fled in a vehicle when approached by the police, and upon his arrest, items stolen from the house were found inside that vehicle (see People v McDermott, 200 AD3d 1732, 1733 [4th Dept 2021], lv denied 38 NY3d 929 [2022], reconsideration denied 38 NY3d 1009 [2022]). Further, we conclude that defendant's "recent and exclusive possession of the property that constituted the fruits of the [break-in], and the absence of credible evidence that the crime was committed by someone else" justified the inference that defendant intended to steal the property from the victim's residence (People v Carmel, 138 AD3d 1448, 1449 [4th Dept 2016], lv denied 28 NY3d 969 [2016] [internal quotation marks omitted]). Even assuming, arguendo, that an acquittal would not have been unreasonable, we cannot conclude that the jury "failed to give the evidence the weight it should be accorded" (Bleakley, 69 NY2d at 495; see McDermott, 200 AD3d at 1733).
Defendant further contends that the court abused its discretion in refusing to recuse itself. We reject that contention. " '[U]nless disqualification is required under Judiciary Law § 14, a judge's decision on a recusal motion is one of discretion' " (People v Hazzard, 129 AD3d 1598, 1598 [4th Dept 2015], lv denied 26 NY3d 968 [2015]), and "when recusal is sought based upon 'impropriety as distinguished from legal disqualification, the judge . . . is the sole arbiter' " (People v Moreno, 70 NY2d 403, 406 [1987]). Here, defendant did not allege a disqualification and made no showing that the court displayed actual bias (see People v McCray, 121 AD3d 1549, 1551 [4th Dept 2014], lv denied 25 NY3d 1204 [2015]), and in the circumstances of this case we conclude that the court did not abuse its discretion in denying defendant's request.
Defendant contends that he was denied effective assistance of counsel at trial based on a series of alleged errors by defense counsel. We reject that contention. We conclude that defendant was not denied effective assistance due to defense counsel's failure to preserve his challenge to the legal sufficiency of the evidence inasmuch as that "challenge[] would not have been meritorious" (People v Lostumbo, 182 AD3d 1007, 1010 [4th Dept 2020], lv denied 35 NY3d 1046 [2020] [internal quotation marks omitted]; see People v Bubis, 204 AD3d 1492, 1494 [4th Dept 2022], lv denied 38 NY3d 1149 [2022]; People v Person, 153 AD3d 1561, 1563-1564 [4th Dept 2017], lv denied 30 NY3d 1118 [2018]). Defendant's remaining contentions regarding ineffective assistance involve "simple disagreement[s] with strategies, tactics or the scope of possible cross-examination, weighed long after the trial," and therefore are insufficient to establish ineffective assistance of counsel (People v Flores, 84 NY2d 184, 187 [1994]; see People v Colon, 211 AD3d 1613, 1614 [4th Dept 2022]; see generally People v Baldi, 54 NY2d 137, 147 [1981]).
Defendant also contends that the court violated People v Barthel (199 AD3d 32 [4th Dept 2021], lv denied 37 NY3d 1058 [2021]) when it made statements at sentencing about the imposition of consecutive sentences with respect to a sentence that had not yet been imposed. We reject that contention. It is well settled that "[a] sentencing court has no power to dictate whether its sentence will run concurrently or consecutively to another sentence that has not yet been imposed" (id. at 34; see id. at 38-39). In short, "the sentencing discretion afforded by [CPL] 70.25 (1) devolves upon the last judge in the sentencing chain" (Barthel, 199 AD3d at 38-39 [internal quotation marks omitted]; see Matter of Murray v Goord, 1 NY3d 29, 32 [2003]). Here, the court did not violate Barthel because it did not purport to impose a consecutive term with respect to a sentence that had not yet been imposed. Indeed, we note that the consecutive terms imposed on defendant were imposed by "the last judge in the sentencing chain" (Barthel, 199 AD3d at 39 [emphasis omitted]).
The sentence is not unduly harsh or severe. We have reviewed defendant's remaining contention and conclude that it does not warrant reversal or modification of the judgments.
Entered: April 28, 2023
Ann Dillon Flynn
Clerk of the Court