People v Desmond (2024 NY Slip Op 00559)

People v Desmond

2024 NY Slip Op 00559

Decided on February 2, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 2, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, CURRAN, AND OGDEN, JJ.

996.1 KA 17-00344

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DAVID L. DESMOND, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER, (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Christopher S. Ciaccio, J.), rendered October 19, 2016. The appeal was held by this Court by order entered February 10, 2023, decision was reserved and the matter was remitted to Monroe County Court for further proceedings (213 AD3d 1356 [4th Dept 2023]). The proceedings were held and completed. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of burglary in the second degree (Penal Law § 140.25 [2]) and robbery in the third degree (§ 160.05). The conviction arises out of an incident in which defendant allegedly broke into a dwelling and forcibly stole property therein. We previously held this case, reserved decision, and remitted the matter to County Court for a ruling on defendant's motion for a trial order of dismissal with respect to the second count of the indictment, on which the court had reserved decision but failed to rule (People v Desmond, 213 AD3d 1356, 1357 [4th Dept 2023]). Upon remittal, the court denied the motion.
Defendant's contention that the evidence is legally insufficient to support the conviction is unpreserved for our review because defendant's general motion for a trial order of dismissal was not
" 'specifically directed' at" any alleged shortcoming in the evidence now raised on appeal (People v Gray, 86 NY2d 10, 19 [1995]; see People v Ford, 148 AD3d 1656, 1657 [4th Dept 2017], lv denied 29 NY3d 1079 [2017]). Nevertheless, " 'we necessarily review the evidence adduced as to each of the elements of the crimes in the context of our review of defendant's challenge regarding the weight of the evidence' " (People v Stepney, 93 AD3d 1297, 1298 [4th Dept 2012], lv denied 19 NY3d 968 [2012]).
Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). An acquittal would have been unreasonable on this record given the largely uncontested evidence establishing that, within minutes of the break-in, defendant—who generally matched the victims' description of the intruder—was found by the police in close proximity to the scene of the break-in, he appeared nervous and sweaty, and upon his arrest items stolen from the victims' house were found both in his possession and scattered along the street that he had been walking along when the police encountered him (see People v McDermott, 200 AD3d 1732, 1733 [4th Dept 2021], lv denied 38 NY3d 929 [2022], reconsideration denied 38 NY3d 1009 [2022]; see generally People v Carmel, 138 AD3d 1448, 1449 [4th Dept 2016], lv denied 28 NY3d 969 [2016]). Even assuming, arguendo, that an acquittal would not have been unreasonable, we cannot conclude that the jury "failed to give the evidence the weight it should be accorded" (Bleakley, 69 NY2d at 495; see McDermott, 200 AD3d at 1733).
Defendant also contends that he was denied a fair trial by prosecutorial misconduct during summation. Even assuming, arguendo, that defendant's contention is fully preserved for our review, we conclude that the alleged improper remarks by the prosecutor, either alone or cumulatively, were not so egregious as to deny defendant a fair trial (see People v Logan, 178 AD3d 1386, 1388-1389 [4th Dept 2019], lv denied 35 NY3d 1028 [2020]; People v Fick, 167 AD3d 1484, 1485-1486 [4th Dept 2018], lv denied 33 NY3d 948 [2019]; People v Edwards, 159 AD3d 1425, 1426 [4th Dept 2018], lv denied 31 NY3d 1116 [2018]).
Finally, contrary to defendant's further contention, the sentence is not unduly harsh or severe.
Entered: February 2, 2024
Ann Dillon Flynn
Clerk of the Court