People v Sholtz (2024 NY Slip Op 01467)

People v Sholtz

2024 NY Slip Op 01467

Decided on March 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, BANNISTER, GREENWOOD, AND NOWAK, JJ.

1058 KA 22-00855

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
EDWARD SHOLTZ, DEFENDANT-APPELLANT. 

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered November 29, 2021. The judgment convicted defendant upon a plea of guilty of attempted rape in the first degree, sexual abuse in the first degree, criminal obstruction of breathing or blood circulation, assault in the second degree, endangering the welfare of a child (two counts) and resisting arrest. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, attempted rape in the first degree (Penal Law §§ 110.00, 130.35 [1]), sexual abuse in the first degree (§ 130.65 [1]), and assault in the second degree (§ 120.05 [12]), arising out of the assault of a woman who was jogging on a trail. We affirm.
Defendant contends that the showup identification procedure involving the victim was unduly suggestive and that County Court thus erred in refusing to suppress the showup identification of him by the victim. To the extent that it is preserved for our review (see CPL 470.05 [2]; People v Ortiz, 90 NY2d 533, 536-537 [1997]; People v Johnson, 192 AD3d 1612, 1613 [4th Dept 2021], lv denied 38 NY3d 1071 [2022]), we reject defendant's contention. "The showup procedure was reasonable under the circumstances because it was conducted in geographic and temporal proximity to the crime" (People v Nance, 132 AD3d 1389, 1390 [4th Dept 2015], lv denied 26 NY3d 1091 [2015] [internal quotation marks omitted]). Moreover, the showup procedure was not rendered unduly suggestive by the fact that defendant was in handcuffs and was in a police vehicle (see People v Desmond, 213 AD3d 1356, 1356 [4th Dept 2023]; People v Wilson, 104 AD3d 1231, 1232-1233 [4th Dept 2013], lv denied 21 NY3d 1011 [2013], reconsideration denied 21 NY3d 1078 [2013]). Defendant's further contention that the police officer who transported the victim to the showup procedure made suggestive or improper comments to the victim on the ride to the procedure is purely speculative and unsupported by the hearing record (see generally People v Suber, 256 AD2d 1086, 1086 [4th Dept 1998], lv denied 93 NY2d 979 [1999]; People v Celestin, 231 AD2d 736, 736 [2d Dept 1996], lv denied 89 NY2d 920 [1996]).
Finally, defendant's sentence is not unduly harsh or severe.
Entered: March 15, 2024
Ann Dillon Flynn
Clerk of the Court