People v Barber (2024 NY Slip Op 03994)

People v Barber

2024 NY Slip Op 03994

Decided on July 26, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, KEANE, AND HANNAH, JJ.

483 KA 22-00728

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JASON W. BARBER, DEFENDANT-APPELLANT. 

JONATHAN ROSENBERG, BROOKLYN, FOR DEFENDANT-APPELLANT.
ANTHONY J. DIMARTINO, JR., DISTRICT ATTORNEY, OSWEGO (AMY L. HALLENBECK OF COUNSEL), FOR RESPONDENT.

 Appeal from a judgment of the Oswego County Court (Armen J. Nazarian, J.), rendered April 21, 2022. The judgment convicted defendant, upon a jury verdict, of rape in the second degree (two counts), rape in the third degree, criminal sexual act in the first degree, criminal sexual act in the third degree and endangering the welfare of a child. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment that convicted him, upon a jury verdict, of two counts of rape in the second degree (Penal Law § 130.30 [1]) and one count each of rape in the third degree (§ 130.25 [2]), criminal sexual act in the first degree
(§ 130.50 [2]), criminal sexual act in the third degree (§ 130.40 [2]), and endangering the welfare of a child (§ 260.10 [1]). Defendant's contention that he was deprived of a fair trial because of improper comments made during the People's summation is unpreserved for our review inasmuch as defendant failed to object to any of the purportedly improper comments (see People v Reynolds, 211 AD3d 1493, 1494 [4th Dept 2022], lv denied 39 NY3d 1079 [2023]; People v Love, 134 AD3d 1569, 1570 [4th Dept 2015], lv denied 27 NY3d 967 [2016]).
To the extent that it is preserved for our review (see generally People v Gray, 86 NY2d 10, 19 [1995]), we reject defendant's contention that the evidence is legally insufficient to support his conviction of two counts of rape in the second degree and one count of criminal sexual act in the first degree. Viewing the facts in the light most favorable to the People, we conclude that " 'there is a valid line of reasoning and permissible inferences from which a rational jury could have found the elements of [those] crimes prove[n] beyond a reasonable doubt' " (People v Danielson, 9 NY3d 342, 349 [2007]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]). We nevertheless note that " 'we necessarily review the evidence adduced as to each of the elements of the crimes in the context of our review of defendant's challenge regarding the weight of the evidence' " (People v Stepney, 93 AD3d 1297, 1298 [4th Dept 2012], lv denied 19 NY3d 968 [2012]).
Viewing the evidence in light of the elements of the crimes of rape in the second degree and criminal sexual act in the first degree as charged to the jury (see Danielson, 9 NY3d at 349), we reject defendant's contention that the verdict with respect to those crimes is against the weight of the evidence (see generally Bleakley, 69 NY2d at 495). The victim's testimony established that defendant committed two counts of rape in the second degree and one count of criminal sexual act in the first degree within the time frames alleged in the indictment, and we cannot conclude that the jury "failed to give the evidence the weight it should be accorded" (id.; see People v McDermott, 200 AD3d 1732, 1733 [4th Dept 2021], lv denied 38 NY3d 929 [2022], reconsideration denied 38 NY3d 1009 [2022]).
Finally, the sentence is not unduly harsh or severe.
Entered: July 26, 2024
Ann Dillon Flynn
Clerk of the Court