People v Cordell (2020 NY Slip Op 06606)





People v Cordell


2020 NY Slip Op 06606


Decided on November 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, CURRAN, BANNISTER, AND DEJOSEPH, JJ.


637 KA 13-02114

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TROY M. CORDELL, JR., DEFENDANT-APPELLANT. 






MARK D. FUNK, CONFLICT DEFENDER, ROCHESTER (CAROLYN WALTHER OF COUNSEL), FOR DEFENDANT-APPELLANT. 
TROY M. CORDELL, JR., DEFENDANT-APPELLANT PRO SE.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered October 22, 2013. The judgment convicted defendant upon a jury verdict of insurance fraud in the fourth degree and falsifying business records in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of insurance fraud in the fourth degree (Penal Law § 176.15) and falsifying business records in the first degree (§ 175.10), defendant contends that the evidence is legally insufficient to establish his intent to defraud. Defendant failed, however, to preserve that contention for our review inasmuch as he failed to renew his motion for a trial order of dismissal after presenting evidence (see People v Hines, 97 NY2d 56, 61 [2001], rearg denied 97 NY2d 678 [2001]). Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Defendant failed to preserve for our review his procedural challenge to Supreme Court's disposition of his Batson application and, in any event, that challenge lacks merit (see People v Farrare, 118 AD3d 1477, 1477 [4th Dept 2014], lv denied 23 NY3d 1061 [2014]). By denying defendant's Batson challenge, the court thereby implicitly determined that the race-neutral explanations given by the prosecutor for exercising peremptory challenges with respect to the two prospective jurors in question were not pretextual (see People v Jiles, 158 AD3d 75, 78 [4th Dept 2017], lv denied 31 NY3d 1149 [2018]).
Defendant's contention that he was deprived of a fair trial due to instances of prosecutorial misconduct is for the most part unpreserved because defense counsel did not object to the majority of the alleged improprieties (see People v Romero, 7 NY3d 911, 912 [2006]; People v Maxey, 129 AD3d 1664, 1666 [4th Dept 2015], lv denied 27 NY3d 1002 [2016], reconsideration denied 28 NY3d 933 [2016]). In any event, we conclude that "[a]ny improprieties were not so pervasive or egregious as to deprive defendant of a fair trial" (People v Resto, 147 AD3d 1331, 1333 [4th Dept 2017], lv denied 29 NY3d 1000 [2017], reconsideration denied 29 NY3d 1094 [2017] [internal quotation marks omitted]). Inasmuch as we conclude that there was no prosecutorial misconduct, we reject defendant's further contention that he was denied effective assistance of counsel based on defense counsel's failure to object to certain alleged improprieties (see People v Townsend, 171 AD3d 1479, 1481 [4th Dept 2019], lv denied 33 NY3d 1109 [2019]). With respect to defendant's remaining claims of ineffective assistance of counsel, we conclude that they lack merit and that defendant was afforded "meaningful representation" (People v Baldi, 54 NY2d 137, 147 [1981]).
We also reject defendant's contention that reversal is required based on an alleged mode of proceedings error with respect to the court's handling of a jury note requesting an item not in evidence. The procedure set forth in People v O'Rama (78 NY2d 270 [1991]) " 'is not implicated when the jury's request is ministerial in nature and therefore requires only a ministerial response' " (People v Williams, 142 AD3d 1360, 1362 [4th Dept 2016], lv denied 28 NY3d 1128 [2016], quoting People v Nealon, 26 NY3d 152, 161 [2015]; see People v Paul, 171 AD3d 1555, 1557 [4th Dept 2019], lv denied 33 NY3d 1107 [2019], reconsideration denied 34 NY3d 983 [2019]). The note at issue "only necessitated the ministerial action of informing the jury that [the] requested item was not in evidence" (Williams, 142 AD3d at 1362). Although the record does not establish whether the court responded to the note, the need for a ministerial response was obviated by the fact that the jury reached a verdict only 23 minutes after making the subject inquiry (see People v Johnson, 183 AD3d 77, 84 [3d Dept 2020], lv denied 35 NY3d 993 [2020]; People v Murphy, 133 AD3d 690, 691 [2d Dept 2015], lv denied 27 NY3d 1136 [2016]). We thus conclude that " 'there was no O'Rama error requiring this Court to reverse the judgment' " based on the jury note in question (Paul, 171 AD3d at 1557).
Finally, we have reviewed the contentions raised in defendant's pro se supplemental brief and conclude that none warrants reversal or modification of the judgment.
Entered: November 13, 2020
Mark W. Bennett
Clerk of the Court