People v Moore (2021 NY Slip Op 05202)





People v Moore


2021 NY Slip Op 05202


Decided on October 1, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, CURRAN, AND DEJOSEPH, JJ.


694 KA 19-00778

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ARTHUR MOORE, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (SARA A. GOLDFARB OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Matthew J. Doran, J.), rendered September 10, 2018. The judgment convicted defendant upon a jury verdict of rape in the third degree and unlawful imprisonment in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him after a jury trial of rape in the third degree (Penal Law § 130.25 [3]) and unlawful imprisonment in the second degree (§ 135.05). We affirm.
Viewing the evidence in light of the elements of the crime of rape in the third degree as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict with respect to that crime is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). "Where, as here, witness credibility is of paramount importance to the determination of guilt or innocence, we must give great deference to the jury, given its opportunity to view the witnesses and observe their demeanor" (People v Streeter, 118 AD3d 1287, 1288 [4th Dept 2014], lv denied 23 NY3d 1068 [2014], reconsideration denied 24 NY3d 1047 [2014] [internal quotation marks omitted]). "The jury was entitled to credit the testimony of the People's witnesses . . . over the testimony of defendant's witnesses, including that of defendant [himself]," and we perceive no reason to disturb those credibility determinations (People v Tetro, 175 AD3d 1784, 1788 [4th Dept 2019]). In particular, we note that there was nothing about the victim's testimony that was "manifestly untrue, physically impossible, contrary to experience, or self-contradictory" (People v Barnes, 158 AD3d 1072, 1073 [4th Dept 2018], lv denied 31 NY3d 1011 [2018] [internal quotation marks omitted]; see People v Smith, 73 AD3d 1469, 1470 [4th Dept 2010], lv denied 15 NY3d 778 [2010]). We also note that the victim's testimony that defendant engaged in sexual intercourse with her was corroborated by physical evidence, supporting the jury's rejection of defendant's testimony to the contrary (see People v King, 21 AD3d 1319, 1319 [4th Dept 2005], lv denied 6 NY3d 755 [2005]).
Defendant's contention that he was deprived of a fair trial due to instances of prosecutorial misconduct during the prosecutor's opening statement and on summation is unpreserved because defense counsel did not object to any of the purportedly improper comments (see CPL 470.05 [2]; People v Romero, 7 NY3d 911, 912 [2006]; People v O'Donnell, 195 AD3d 1430, 1433 [4th Dept 2021], lv denied — NY3d — [2021]; People v Carlson, 184 AD3d 1139, 1142 [4th Dept 2020], lv denied 35 NY3d 1064 [2020]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Finally, contrary to defendant's contention, we conclude that the sentence is not unduly [*2]harsh or severe.
Entered: October 1, 2021
Ann Dillon Flynn
Clerk of the Court