People v Reynolds (2022 NY Slip Op 07326)

People v Reynolds

2022 NY Slip Op 07326

Decided on December 23, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., NEMOYER, CURRAN, BANNISTER, AND MONTOUR, JJ.

762 KA 21-01012

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TARL REYNOLDS, DEFENDANT-APPELLANT. 

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (WILLIAM PIXLEY OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Matthew J. Doran, J.), rendered March 18, 2021. The judgment convicted defendant after a nonjury trial of criminal sexual act in the third degree, sexual abuse in the third degree (three counts) and endangering the welfare of a child. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him following a nonjury trial of three counts of sexual abuse in the third degree (Penal Law § 130.55) and one count each of criminal sexual act in the third degree (§ 130.40 [2]) and endangering the welfare of a child (§ 260.10 [1]). Viewing the evidence in light of the elements of the crimes in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). "In a bench trial, no less than a jury trial, the resolution of credibility issues by the trier of fact and its determination of the weight to be accorded the evidence presented are entitled to great deference" (People v McCoy, 100 AD3d 1422, 1422 [4th Dept 2012] [internal quotation marks omitted]). Determination of the instant case rested on the credibility of the witnesses, and "we cannot say that [County Court] failed to give the evidence the weight that it should be accorded" (People v Britt, 298 AD2d 984, 984 [2002], lv denied 99 NY2d 556 [2002]).
Contrary to defendant's further contention, the court did not err in denying his request for a missing witness charge. As the party requesting the charge, defendant bore the initial burden of establishing " '(1) that there is an uncalled witness believed to be knowledgeable about a material issue pending in the case, (2) that such witness can be expected to testify favorably to the opposing party, and (3) that such party had failed to call the witness to testify' " (People v Lewis-Bush, 204 AD3d 1424, 1426 [4th Dept 2022], lv denied 38 NY3d 1072 [2022], quoting People v Smith, 33 NY3d 454, 458-459 [2019]). Defendant failed to meet that initial burden (see generally People v Desius, 188 AD3d 1626, 1629 [4th Dept 2020], lv denied 36 NY3d 1096 [2021]). Defendant contends, with respect to the multifactor missing witness analysis, that this Court is barred from considering any other factor than the specific factor of the missing witness analysis explicitly referenced by the court when it denied defendant's request for a missing witness charge. We reject that contention (see People v Garrett, 23 NY3d 878, 885 n 2 [2014], rearg denied 25 NY3d 1215 [2015]). Significantly, the court, in its denial of defendant's request, did not explicitly reject the arguments advanced by the People to support denial on the basis of the other factors of the multifactor analysis, and therefore we are not precluded from considering those factors (cf. People v Garcia, 192 AD3d 1463, 1467 [4th Dept 2021]).
As defendant correctly concedes, defendant's contention that he was deprived of a fair trial due to instances of prosecutorial misconduct during the prosecutor's summation is unpreserved because defense counsel did not object to any of the purportedly improper comments [*2](see People v Moore, 198 AD3d 1304, 1305 [4th Dept 2021], lv denied 38 NY3d 929 [2022]). In any event, we reject that contention and conclude that no prosecutorial misconduct occurred. Inasmuch as we conclude that there was no prosecutorial misconduct, we reject defendant's related contention that he was denied effective assistance of counsel based on defense counsel's failure to object to certain alleged improprieties during the prosecutor's summation (see People v Cordell, 188 AD3d 1620, 1621-1622 [4th Dept 2020], lv denied 36 NY3d 1056 [2021]).
Finally, we note that the uniform sentence and commitment sheet incorrectly states that defendant was convicted of three counts under Penal Law § 130.22, and thus it must be amended to reflect that these convictions were under Penal Law § 130.55 (see generally People v McLamore, 191 AD3d 1413, 1415 [4th Dept 2021], lv denied 37 NY3d 958 [2021]).
Entered: December 23, 2022
Ann Dillon Flynn
Clerk of the Court