People v McGuire (2023 NY Slip Op 04070)

People v Mcguire

2023 NY Slip Op 04070

Decided on July 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, BANNISTER, MONTOUR, AND GREENWOOD, JJ.

568 KA 21-01534

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DEWAYNE A. MCGUIRE, DEFENDANT-APPELLANT. 

FELDMAN AND FELDMAN, MANHASSET (STEVEN A. FELDMAN OF COUNSEL), FOR DEFENDANT-APPELLANT. 
BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (JOHN C. TUNNEY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Steuben County Court (Philip J. Roche, J.), rendered August 31, 2021. The judgment convicted defendant upon a jury verdict of assault in the first degree, assault in the second degree, criminal mischief in the third degree and tampering with physical evidence. 
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Steuben County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of assault in the first degree (Penal Law § 120.10 [1]), assault in the second degree (§ 120.05 [2]), criminal mischief in the third degree (§ 145.05 [2]), and tampering with physical evidence (§ 215.40 [2]).
Defendant contends that prosecutorial misconduct on summation deprived him of a fair trial, and that County Court compounded this error in its response to the jury note requesting a readback of the mischaracterized testimony. We reject defendant's contention. Initially, as defendant correctly concedes, the contention is unpreserved inasmuch as defense counsel failed to object to the purportedly improper comment (see People v Reynolds, 211 AD3d 1493, 1494 [4th Dept 2022], lv denied 39 NY3d 1079 [2023]). In any event, we conclude that any error was cured by the requested readback of the relevant testimony (see People v Peters, 277 AD2d 512, 514 [3d Dept 2000]; see generally People v Proctor, 104 AD3d 1290, 1291 [4th Dept 2013], lv denied 21 NY3d 1008 [2013]; People v Phillips, 237 AD2d 386, 386 [2d Dept 1997]) and by the court's instructions to the jury that its "recollection, understanding, and evaluation of the evidence . . . controls regardless of what the lawyers have said or will say about the evidence" (see People v Morgan, 148 AD3d 1590, 1591 [4th Dept 2017], lv denied 29 NY3d 1083 [2017]; People v Morrow, 143 AD3d 919, 921 [2d Dept 2016], lv denied 28 NY3d 1148 [2017]; People v Sylvain, 33 AD3d 330, 331-332 [1st Dept 2006], lv denied 7 NY3d 904 [2006]). Inasmuch as defendant was not deprived of a fair trial by the error of the prosecutor, defense counsel's failure to preserve his contention did not deprive him of effective assistance of counsel (see People v Palmer, 204 AD3d 1512, 1514-1515 [4th Dept 2022], lv denied 38 NY3d 1190 [2022]; People v Bagley, 194 AD3d 1475, 1477 [4th Dept 2021], lv denied 37 NY3d 990 [2021]).
We likewise reject defendant's related contention that the court erred in denying his motion to set aside the verdict under CPL 330.30 (1) based on the prosecutor's improper comment. "Pursuant to CPL 330.30 (1), following the issuance of a verdict and before sentencing a court may set aside a verdict on '[a]ny ground appearing in the record which, if raised upon an appeal from a prospective judgment of conviction, would require a reversal or modification of the judgment as a matter of law by an appellate court' " (People v Benton, 78 AD3d 1545, 1546 [4th Dept 2010], lv denied 16 NY3d 828 [2011]). "The power granted a Trial Judge is, thus, far more limited than that of an intermediate appellate court, which is authorized to determine not only questions of law but issues of fact . . . , to reverse or modify a judgment when the verdict is against the weight of the evidence
. . . , and to reverse as a matter of discretion in the interest of justice" (People v Carter, 63 NY2d 530, 536 [1984] [internal quotation marks omitted]). Here, inasmuch as defendant failed to preserve his contention for our review, reversal by an appellate court based on that contention was not required as a matter of law and the court lacked the authority to grant the motion.
Defendant further contends that the evidence is legally insufficient to support the conviction. At the close of the People's case, defendant moved for a trial order of dismissal on the basis that the People had failed to establish the element of intent. There is no indication in the record that the court ruled on defendant's motion. We lack the power to review defendant's contention that the evidence is legally insufficient with respect to intent because "we cannot deem the court's failure to rule on the . . . motion as a denial thereof" (People v Desmond, 213 AD3d 1356, 1357 [4th Dept 2023] [internal quotation marks omitted]; see People v Concepcion, 17 NY3d 192, 197-198 [2011]; People v LaFontaine, 92 NY2d 470, 474 [1998], rearg denied 93 NY2d 849 [1999]; People v Moore, 147 AD3d 1548, 1548-1549 [4th Dept 2017]). We therefore hold the case, reserve decision, and remit the matter to County Court for a ruling on the motion (see Desmond, 213 AD3d at 1357; Moore, 147 AD3d at 1549). In light of our determination, we do not reach defendant's remaining contentions.
Entered: July 28, 2023
Ann Dillon Flynn
Clerk of the Court