People v Cooley (2023 NY Slip Op 05066)

People v Cooley

2023 NY Slip Op 05066

Decided on October 6, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 6, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, OGDEN, GREENWOOD, AND NOWAK, JJ.

642 KA 22-00189

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JAHLIL COOLEY, DEFENDANT-APPELLANT. 

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (BRIDGET L. FIELD OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Matthew J. Doran, J.), rendered January 4, 2022. The judgment convicted defendant upon a jury verdict of predatory sexual assault against a child, sexual abuse in the first degree and endangering the welfare of a child (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of predatory sexual assault against a child (Penal Law § 130.96), predicated on commission of course of sexual conduct against a child in the first degree (see § 130.75 [1] [a]), sexual abuse in the first degree (§ 130.65 [4]), and two counts of endangering the welfare of a child (§ 260.10 [1]).
Defendant contends that the conviction is not supported by legally sufficient evidence. We reject that contention (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Although neither child victim identified defendant in court, both child victims identified defendant by name and specifically explained their respective relationships to defendant, and the jury was entitled to credit that testimony (see generally People v McKenzie, 2 AD3d 348, 348 [1st Dept 2003], lv denied 2 NY3d 764 [2004]). Moreover, defendant failed to preserve for our review his specific contention that there is legally insufficient evidence that he perpetrated the charged sexual conduct over a period not less than three months in duration (see Penal Law
§ 130.75 [1]), inasmuch as he failed to move for a trial order of dismissal on that basis (see generally People v Bassett, 55 AD3d 1434, 1438 [4th Dept 2008], lv denied 11 NY3d 922 [2009]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Contrary to defendant's further contention, we conclude that, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495; People v Arnold, 107 AD3d 1526, 1528 [4th Dept 2013], lv denied 22 NY3d 953 [2013]).
Defendant additionally contends that County Court erred in refusing to issue a subpoena for counseling records of one of the victims. Even assuming, arguendo, that defendant's contention is fully preserved for our review, we reject that contention. In determining whether to grant access to otherwise confidential records and data, the court must balance the competing interests of confidentiality and the defendant's rights to compulsory process and confrontation (see People v Gissendanner, 48 NY2d 543, 548 [1979]; People v Tirado, 109 AD3d 688, 688 [4th Dept 2013], lv denied 22 NY3d 959 [2013], reconsideration denied 22 NY3d 1091 [2014], cert denied 574 US 877 [2014]), and the decision whether to issue a subpoena for such records is [*2]committed to the court's sound discretion (see Tirado, 109 AD3d at 688). At the outset, we note that defendant's reliance on People v Wildrick (83 AD3d 1455, 1457 [4th Dept 2011], lv denied 17 NY3d 803 [2011]) is misplaced. Here, unlike in Wildrick, the court had previously issued subpoenas, conducted an in camera review, and provided defendant with copies of pertinent medical and school records. We further conclude that defendant did not set forth how the counseling records that he sought might be employed in a line of inquiry "beyond that of general credibility impeachment" (Gissendanner, 48 NY2d at 550) or "point to specific facts demonstrating a reasonable likelihood . . . that [he was] not engaged in a fishing expedition" (People v Kozlowski, 11 NY3d 223, 242 [2008], rearg denied 11 NY3d 904 [2009], cert denied 556 US 1282 [2009]). Thus, defendant's application for a subpoena was "supported solely by speculation" (People v Reddick, 43 AD3d 1334, 1335 [4th Dept 2007], lv denied 10 NY3d 815 [2008] [internal quotation marks omitted]) and the court did not abuse its discretion in denying defendant's application (see Gissendanner, 48 NY2d at 550).
We reject defendant's further contention that the court erred in denying his request for a circumstantial evidence charge. "[W]here there is both direct and circumstantial evidence of the defendant's guilt, such a charge need not be given" (People v Hardy, 26 NY3d 245, 249 [2015]). A victim's testimony identifying a defendant as the perpetrator of a crime is direct evidence of guilt (see People v James, 147 AD3d 1211, 1212-1213 [3d Dept 2017], lv denied 29 NY3d 1128 [2017]; People v Cruz, 41 AD3d 893, 896 [3d Dept 2007], lv denied 10 NY3d 933 [2008]). In light of the victims' direct testimony, the court did not err in refusing to charge circumstantial evidence (see Hardy, 26 NY3d at 251).
Defendant additionally contends that the court erred in charging the jury on flight as consciousness of guilt. We reject that contention. While flight evidence is of "limited probative force," that "is no reason for its exclusion" (People v Yazum, 13 NY2d 302, 304 [1963], rearg denied 15 NY2d 679 [1964]; see People v Martinez, 298 AD2d 897, 899 [4th Dept 2002], lv denied 98 NY2d 769 [2002], cert denied 538 US 963 [2003], reh denied 539 US 911 [2003]). Here, it is not disputed that once defendant knew that the victims had accused him, defendant boarded a bus alone for New York City. Under the circumstances, the court appropriately charged the jury on flight as consciousness of guilt (see People v Jones, 213 AD3d 1279, 1280 [4th Dept 2023], lv denied 39 NY3d 1155 [2023]; People v Jamison, 173 AD2d 341, 342 [1st Dept 1991], lv denied 78 NY2d 955 [1991]) and gave an appropriate limiting instruction (see Martinez, 298 AD2d at 899).
By failing to object during the prosecutor's summation, defendant failed to preserve for our review his contention that allegedly improper comments made by the prosecutor during summation deprived him of a fair trial (see People v Graham, 171 AD3d 1566, 1570 [4th Dept 2019], lv denied 33 NY3d 1104 [2019]). In any event, we conclude that the allegedly improper comments were a "fair response to the comments made by the defense or fair comment on the evidence," and therefore that defendant was not deprived of a fair trial by those remarks (People v Palmer, 204 AD3d 1512, 1514 [4th Dept 2022], lv denied 38 NY3d 1190 [2022]). We thus further conclude that counsel's failure to object did not deprive defendant of effective assistance of counsel (see id. at 1514-1515).
Contrary to defendant's further contention, the use of face coverings by prospective jurors did not deprive defendant "of the ability to meaningfully participate in jury selection" (People v Ramirez, 208 AD3d 897, 898 [2d Dept 2022], lv granted 39 NY3d 1074 [2023]).
Finally, we conclude that defendant's sentence is not unduly harsh or severe.
Entered: October 6, 2023
Ann Dillon Flynn
Clerk of the Court