People v McGuire (2024 NY Slip Op 02615)

People v Mcguire

2024 NY Slip Op 02615

Decided on May 10, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, BANNISTER, MONTOUR, AND GREENWOOD, JJ.

35 KA 21-01534

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DEWAYNE A. MCGUIRE, DEFENDANT-APPELLANT. 

FELDMAN AND FELDMAN, MANHASSET (STEVEN A. FELDMAN OF COUNSEL), FOR DEFENDANT-APPELLANT. 
BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (JOHN C. TUNNEY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Steuben County Court (Philip J. Roche, J.), rendered August 31, 2021. The appeal was held by this Court by order entered July 28, 2023, the decision was reserved and the matter was remitted to Steuben County Court for further proceedings (218 AD3d 1357 [4th Dept 2023]). The proceedings were held and completed. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of assault in the first degree (Penal Law § 120.10 [1]), assault in the second degree (§ 120.05 [2]), criminal mischief in the third degree (§ 145.05 [2]), and tampering with physical evidence (§ 215.40 [2]). We previously held this case, reserved decision, and remitted the matter to County Court for a ruling on defendant's motion for a trial order of dismissal (People v McGuire, 218 AD3d 1357 [4th Dept 2023]). On remittal, the court denied the motion. We now affirm.
Defendant contends that his conviction of each offense is based on legally insufficient evidence of intent. We reject that contention. Here, there is "a valid line of reasoning and permissible inferences which could lead a rational person to the same conclusion as the [factfinder]" (People v Ferguson, 177 AD3d 1247, 1248 [4th Dept 2019] [internal quotation marks omitted]). "It is well settled that [a] defendant may be presumed to intend the natural and probable consequences of [their] actions . . . , and [i]ntent may be inferred from the totality of conduct of the accused" (People v Meacham, 151 AD3d 1666, 1668 [4th Dept 2017], lv denied 30 NY3d 981 [2017] [internal quotation marks omitted]; see People v Mahoney, 6 AD3d 1104, 1104 [4th Dept 2004], lv denied 3 NY3d 660 [2004]). Here, "viewing the facts in a light most favorable to the People" (People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the evidence is legally sufficient to establish that defendant intended to cause "serious physical injury" (Penal Law § 120.10 [1]) and "physical injury" (§ 120.05 [2]) to another person by aiming a shotgun at a moving vehicle and pulling the trigger from only 20 yards away (see People v Appuzie, 9 AD3d 273, 273 [1st Dept 2004], lv denied 3 NY3d 670 [2004]). In addition, the People presented evidence that defendant said, "I got 'em" after the shooting (see People v Laufer, 187 AD3d 1052, 1052-1053 [2d Dept 2020], lv denied 36 NY3d 1098 [2021], reconsideration denied 37 NY3d 958 [2021]). Even defendant's other purported statements that were less incriminating allow for an inference that defendant intended to fire and injure those inside the vehicle. Similarly, the facts establish that defendant intended "to damage property of another person" (§ 145.05; see People v Bodine, 231 AD2d 840, 840 [4th Dept 1996], lv denied 89 NY2d 862 [1996]). Additionally, the testimony that defendant asked a friend to "hold" the shotgun after the incident supports an intent "to prevent" the production or use of physical evidence in an official proceeding (§ 215.40 [2]; see People v Thompson, 75 AD3d 760, 764 [3d Dept 2010], lv denied 15 NY3d 896 [2010]).
Although defendant failed to preserve for our review his additional contention that his [*2]conviction for assault in the first degree is based on legally insufficient evidence of serious physical injury because his motion for a trial order of dismissal was not specifically directed at the alleged error raised on appeal (see generally People v Winston, 220 AD3d 1161, 1161 [4th Dept 2023], lv denied 41 NY3d 967 [2024]; People v Cooley, 220 AD3d 1189, 1189 [4th Dept 2023], lv denied 41 NY3d 964 [2024]), we "necessarily review the evidence adduced as to each of the elements of the crime[ ] in the context of our review of defendant's challenge to the weight of the evidence" (People v Cartagena, 149 AD3d 1518, 1518 [4th Dept 2017], lv denied 29 NY3d 1124 [2017], reconsideration denied 30 NY3d 1018 [2017] [internal quotation marks omitted]). Here, the evidence established that the passenger of the vehicle suffered a hole in her eardrum and a loss of hearing that had not resolved at the time of the trial. Thus, we conclude that the verdict on the assault in the first degree charge is not against the weight of the evidence with respect to the element of serious physical injury (see Penal Law § 10.00 [10]; People v Hildenbrandt, 125 AD2d 819, 820 [3d Dept 1986], lv denied 69 NY2d 881 [1987]; see also People v Garland, 155 AD3d 527, 528 [1st Dept 2017], affd 32 NY3d 1094 [2018], rearg denied 33 NY3d 970 [2019], cert denied — US &mdash, 140 S Ct 2525 [2020]).
We also reject defendant's remaining grounds for contending that the verdict is against the weight of the evidence. Viewing the evidence in light of the elements of the crimes as charged to the jury (see Danielson, 9 NY3d at 349), we conclude that, although a different verdict would not have been unreasonable, the jury did not fail to give the evidence the weight it should be accorded (see People v Bleakley, 69 NY2d 490, 495 [1987]).
The record does not support the contention of defendant that the court penalized him for exercising his right to a trial by imposing a more severe sentence than offered as part of a plea bargain (see People v Pena, 50 NY2d 400, 411-412 [1980], rearg denied 51 NY2d 770 [1980], cert denied 449 US 1087 [1981]; People v Jackson, 94 AD3d 1559, 1561 [4th Dept 2012], lv denied 19 NY3d 1026 [2012]). Contrary to defendant's further contention, the sentence is not unduly harsh or severe.
We have reviewed defendant's remaining contentions and conclude that none warrants reversal or modification of the judgment.
Entered: May 10, 2024
Ann Dillon Flynn
Clerk of the Court