People v Foltin (2024 NY Slip Op 04882)

People v Foltin

2024 NY Slip Op 04882

Decided on October 4, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 4, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, OGDEN, NOWAK, AND KEANE, JJ.

655 KA 24-00085

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
WILLIAM FOLTIN, DEFENDANT-APPELLANT. 

CAMBARERI & BRENNECK, SYRACUSE (MELISSA K. SWARTZ OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (DAVID D. BASSETT OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Matthew J. Doran, J.), rendered February 28, 2023. The judgment convicted defendant, upon a jury verdict, of predatory sexual assault against a child, rape in the second degree (two counts) and endangering the welfare of a child. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of one count each of predatory sexual assault against a child (Penal Law former § 130.96) and endangering the welfare of a child (§ 260.10 [1]), and two counts of rape in the second degree (former § 130.30 [1]). We affirm.
Defendant contends that the verdict is against the weight of the evidence because the People failed to prove that he engaged in the acts constituting one of the counts of rape in the second degree on a certain date. Defendant's contention is, in actuality, a challenge to the legal sufficiency of his conviction on that count and is unpreserved because defendant failed to move for a trial order of dismissal on that basis (see People v Cooley, 220 AD3d 1189, 1189 [4th Dept 2023], lv denied 41 NY3d 964 [2024]).
In any event, "we necessarily review the evidence adduced as to each of the elements of the crimes in the context of our review of defendant's [additional] challenge regarding the weight of the evidence" with respect to all of the counts of which he was convicted (People v Stephenson, 104 AD3d 1277, 1278 [4th Dept 2013], lv denied 21 NY3d 1020 [2013], reconsideration denied 23 NY3d 1025 [2014] [internal quotation marks omitted]). Here, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
We also reject defendant's contention that County Court erred in allowing an officer to improperly bolster the victim's testimony. The court properly permitted the officer to describe the phases of the forensic interview (see People v Kozlowski, 11 NY3d 223, 238 [2008], rearg denied 11 NY3d 904 [2009], cert denied 556 US 1282 [2009]), and when doing so, the officer spoke only in general terms and did not mention the victim. "[I]nasmuch as the officer's testimony did not contain any statement of the victim, it could not be considered bolstering" (People v Englert, 130 AD3d 1532, 1533 [4th Dept 2015], lv denied 26 NY3d 967 [2015], lv denied 26 NY3d 1144 [2016]). The court also properly permitted testimony regarding the victim's demeanor during her initial interview with police. Evidence of a victim's demeanor when reporting sexual abuse is admissible "to explain how the victim eventually disclosed the abuse and how the investigation started" (People v Ludwig, 104 AD3d 1162, 1163 [4th Dept 2013], affd 24 NY3d 221 [2014]). Defendant's further contention that the court erred in [*2]permitting the officer to testify that a safety plan was implemented following the victim's forensic interview "is not preserved for our review because defendant objected to the testimony of that officer at trial on a ground different from that now asserted on appeal" (People v Smith, 24 AD3d 1253, 1253 [4th Dept 2005], lv denied 6 NY3d 818 [2006]).
Finally, we reject defendant's contention that his sentence is unduly harsh and severe.
Entered: October 4, 2024
Ann Dillon Flynn
Clerk of the Court