People v Derby (2025 NY Slip Op 05611)

People v Derby

2025 NY Slip Op 05611

Decided on October 10, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: BANNISTER, J.P., MONTOUR, NOWAK, DELCONTE, AND KEANE, JJ.

738 KA 22-01930

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TROY DERBY, DEFENDANT-APPELLANT. 

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (KRISTEN N. MCDERMOTT OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (DAVID D. BASSETT OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Onondaga County (Gordon J. Cuffy, A.J.), rendered December 21, 2021. The judgment convicted defendant upon a jury verdict of murder in the first degree and criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the first degree (Penal Law § 125.27 [1] [a] [vii]; [b]) and criminal possession of a weapon in the second degree (§ 265.03 [3]). We affirm. Defendant contends that he was denied a fair trial because the prosecutor engaged in misconduct during the People's opening statement by remarking that defendant had not denied the accusations against him during his interrogation after he waived his Miranda rights. As defendant correctly concedes, he failed to preserve that contention for our review inasmuch as defense counsel did not object to the remark (see People v McGuire, 218 AD3d 1357, 1358 [4th Dept 2023]; People v Reynolds, 211 AD3d 1493, 1494 [4th Dept 2022], lv denied 39 NY3d 1079 [2023]; People v Vick, 173 AD3d 1776, 1777 [4th Dept 2019], lv denied 34 NY3d 955 [2019]). In any event, the contention is without merit. Insofar as the prosecutor improperly characterized defendant's selective silence after he agreed to speak with police as evidence of his consciousness of guilt (see generally People v Williams, 25 NY3d 185, 194 [2015]), we conclude that such impropriety was not so egregious as to deprive defendant of a fair trial (see generally People v Trifunovski, 199 AD3d 1344, 1346 [4th Dept 2021], lv denied 38 NY3d 931 [2022]; Vick, 173 AD3d at 1778). Insofar as the prosecutor's statement could have been interpreted to have improperly shifted the burden of proof to defendant to deny the allegations against him (see People v Diotte, 63 AD3d 1281, 1282-1283 [3d Dept 2009]), the single and isolated remark did not deprive defendant of a fair trial inasmuch as Supreme Court "clearly and unequivocally instructed the jury that the burden of proof on all issues [with respect to the crimes charged] remained with the prosecution" (People v Matthews, 27 AD3d 1115, 1116 [4th Dept 2006] [internal quotation marks omitted]; see People v Spencer, 108 AD3d 1081, 1081 [4th Dept 2013], lv denied 22 NY3d 1159 [2014]; People v Peterson, 71 AD3d 1419, 1420 [4th Dept 2010], lv denied 14 NY3d 891 [2010], reconsideration denied 21 NY3d 1008 [2013]). Any impropriety is harmless in light of the overwhelming evidence of defendant's guilt and the lack of any reasonable possibility that defendant otherwise would have been acquitted (see People v Ott, 200 AD3d 1642, 1645 [4th Dept 2021], lv denied 38 NY3d 953 [2022], cert denied — US &mdash, 143 S Ct 403 [2022]; see generally People v Crimmins, 36 NY2d 230, 237 [1975]). In light of our conclusion, we reject defendant's further contention that defense counsel's failure to object to the isolated instance of prosecutorial misconduct constituted ineffective assistance of counsel (see Vick, 173 AD3d at 1778; People v Funk, 166 AD3d 1487, 1488-1489 [4th Dept 2018], lv denied 32 NY3d 1172 [2019]).
Defendant next contends that the court erred in admitting in evidence a letter allegedly written by defendant to his accomplice. Contrary to defendant's challenge to the relevance of the letter, we conclude that, inasmuch as the letter could reasonably be interpreted as both "an attempt to obtain a false alibi from the [accomplice]" (People v McKoy, 217 AD3d 1396, 1398 [4th Dept 2023], lv denied 40 NY3d 998 [2023]) and a threat against a "prosecution witness . . . prior to trial" (People v Iannone, 2 AD3d 1283, 1284 [4th Dept 2003], lv denied 2 NY3d 741 [2004]), it "comes within the broad category of conduct evidencing a 'consciousness of guilt' and, therefore, [was] admissible and relevant on the question of . . . defendant's guilt" (People v Leyra, 1 NY2d 199, 208 [1956]). "Any ambiguity as to whether [the letter] demonstrated consciousness of guilt, as opposed to a fear of wrongful conviction, presented a factual issue for the jury" (People v Griffin, 109 AD3d 740, 740 [1st Dept 2013], lv denied 22 NY3d 1199 [2014]; see generally People v Yazum, 13 NY2d 302, 304-305 [1963]). We further conclude that the probative value of the letter "is not outweighed by any undue prejudice to defendant" (People v Richardson, 206 AD3d 1590, 1592 [4th Dept 2022], lv denied 38 NY3d 1153 [2022] [internal quotation marks omitted]; see People v Carlson, 184 AD3d 1139, 1140 [4th Dept 2020], lv denied 35 NY3d 1064 [2020]).
Defendant's further contention that the evidence is legally insufficient to establish the elements of murder in the first degree and criminal possession of a weapon in the second degree is unpreserved for our review inasmuch as his generic "motion for a trial order of dismissal . . . [was] not specifically directed at the error[s] alleged on appeal" (People v Bell, 176 AD3d 1634, 1634 [4th Dept 2019], lv denied 34 NY3d 1075 [2019] [internal quotation marks omitted]; see People v Cooley, 220 AD3d 1189, 1189 [4th Dept 2023], lv denied 41 NY3d 964 [2024]; see generally People v Gray, 86 NY2d 10, 19 [1995]). In any event, "we necessarily review the evidence adduced as to each of the elements of [the] crime[s] in the context of our review of defendant's challenge regarding the weight of the evidence" (People v Boyd, 234 AD3d 1331, 1332 [4th Dept 2025], lv denied 43 NY3d 1044 [2025] [internal quotation marks omitted]; see People v Stephenson, 104 AD3d 1277, 1278 [4th Dept 2013], lv denied 21 NY3d 1020 [2013], reconsideration denied 23 NY3d 1025 [2014]). Here, viewing the evidence in light of the elements of murder in the first degree and criminal possession of a weapon in the second degree as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). It is well settled that "[r]esolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury" (People v Witherspoon, 66 AD3d 1456, 1457 [4th Dept 2009], lv denied 13 NY3d 942 [2010] [internal quotation marks omitted]), and we see no basis for disturbing the jury's credibility determinations in this case (see generally Bleakley, 69 NY2d at 495).
Defendant's sentence is not unduly harsh or severe. Defendant failed to preserve for our review his contention that, in sentencing him, the court penalized him for exercising his right to a trial, inasmuch as he failed to raise that contention at sentencing (see People v Ortega, 233 AD3d 1526, 1528 [4th Dept 2024], lv denied 43 NY3d 946 [2025]; People v Chourb, 232 AD3d 1272, 1274 [4th Dept 2024], lv denied 42 NY3d 1079 [2025]) and, in any event, the record is devoid of evidence that defendant was given a lengthier sentence because he exercised his right to a trial (see People v Martinez, 26 NY3d 196, 200 [2015]; People v Huddleston, 160 AD3d 1359, 1362 [4th Dept 2018], lv denied 31 NY3d 1149 [2018]).
We have reviewed defendant's remaining contentions and conclude that none warrants modification or reversal of the judgment.
Entered: October 10, 2025
Ann Dillon Flynn
Clerk of the Court