People v Alexander

2026 NY Slip Op 02556

April 24, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

v

DVONTEA ALEXANDER, DEFENDANT-APPELLANT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department

Decided on April 24, 2026

240 KA 22-00359

Present: Whalen, P.J., Bannister, Smith, Nowak, And Delconte, JJ.

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (ALEXANDER PRIETO OF COUNSEL), FOR DEFENDANT-APPELLANT.

BRIAN P. GREEN, DISTRICT ATTORNEY, ROCHESTER (AERON SCHWALLIE OF COUNSEL), FOR RESPONDENT.

Appeal from a judgment of the Monroe County Court (Douglas A. Randall, J.), rendered February 10, 2022. The judgment convicted defendant upon a jury verdict of murder in the second degree, attempted murder in the second degree (two counts), assault in the first degree, assault in the second degree, and criminal possession of a weapon in the second degree (two counts).

[*1]

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, murder in the second degree (Penal Law § 125.25 [1]). We affirm.

Contrary to defendant's contention, County Court did not err in denying defendant's for-cause challenge to a prospective juror. While the prospective juror's initial statements in response to questions from defense counsel raised a concern about his ability to render an impartial verdict, his responses to defense counsel's additional inquiries constituted " 'a personal, unequivocal assurance of impartiality [that] cure[d his] prior indication that [he was] . . . predisposed against . . . defendant' " (People v Clark, 171 AD3d 1530, 1531 [4th Dept 2019], quoting People v Arnold, 96 NY2d 358, 364 [2001]; see People v Warrington, 28 NY3d 1116, 1120-1121 [2016]).

Defendant next contends that the court erred in admitting in evidence certain software-generated video files purporting to show defendant's location based upon GPS coordinates obtained from an ankle monitor that defendant wore while on parole. The video files, together with multiple other files, were admitted on a single disc identified as People's Exhibit 31. Defendant argues that the People did not lay an adequate foundation for admission of the video files because the People failed to explain how the video files were created and failed to establish that the locations identified on the video files accurately reflected the ankle monitor's location. However, defendant's general objection to a lack of foundation for admission of Exhibit 31 is insufficient to preserve the specific contention that defendant now advances on appeal with respect to the adequacy of the foundation for the video files at issue (see generally People v Combs, 243 AD3d 1259, 1260 [4th Dept 2025]).

Contrary to defendant's further contention, we conclude that the court did not err in permitting defendant's parole officer to identify him in two still images taken from surveillance video footage. The parole officer "had sufficient contact with . . . defendant to achieve a level of familiarity that render[ed] the lay opinion helpful" (People v Mosley, 41 NY3d 640, 648 [2024] [internal quotation marks omitted]), and while the images at issue are relatively clear, they are "not so crystal clear that the jury could identify a person as capably as any witness" (id. at 649). To the extent that defendant challenges the parole officer's identification of him in three other [*2]still images, that contention is unpreserved for our review (see People v Rhynes, 239 AD3d 1461, 1465 [4th Dept 2025], lv denied 44 NY3d 1029 [2025]; see generally People v Montanez, 135 AD3d 528, 528 [1st Dept 2016], lv denied 27 NY3d 1072 [2016]).

Defendant also failed to preserve his contention that the People engaged in prosecutorial misconduct during summation (see People v McGuire, 218 AD3d 1357, 1358 [4th Dept 2023]; People v Reynolds, 211 AD3d 1493, 1494 [4th Dept 2022], lv denied 39 NY3d 1079 [2023]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).

We have reviewed defendant's remaining contentions and conclude that they do not warrant modification or reversal of the judgment.

Entered: April 24, 2026

Ann Dillon Flynn

Clerk of the Court