People v Grefer
2026 NY Slip Op 03577
June 5, 2026
Appellate Division, Fourth Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CHARLES R. GREFER, DEFENDANT-APPELLANT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on June 5, 2026
381 KA 23-01584
Present: Whalen, P.J., Bannister, Montour, Nowak, And Hannah, JJ.

DAVID P. ELKOVITCH, AUBURN, FOR DEFENDANT-APPELLANT.
BRITTANY GROME ANTONACCI, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT.

Appeal from a judgment of the Cayuga County Court (Thomas G. Leone, J.), rendered August 21, 2023. The judgment convicted defendant, upon a jury verdict, of offering a false instrument for filing in the first degree (two counts).
[*1]
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of two counts of offering a false instrument for filing in the first degree (Penal Law § 175.35 [1]). The conviction arises from an incident in which defendant falsely reported on an employment application for a position with the County of Cayuga that he was never convicted of a crime and falsely stated on a resume accompanying the employment application that he was a licensed mental health counselor.
Defendant's contention that the evidence is legally insufficient to establish his intent to defraud is not preserved for our review inasmuch as defendant failed to renew his motion for a trial order of dismissal after presenting evidence (see People v Hines, 97 NY2d 56, 61-62 [2001], rearg denied 97 NY2d 678 [2001]; People v Cordell, 188 AD3d 1620, 1621 [4th Dept 2020], lv denied 36 NY3d 1056 [2021]). Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
We reject defendant's contention that County Court abused its discretion in denying defendant's motion for a mistrial after the prosecutor violated the court's Sandoval ruling by asking defendant on cross-examination about the underlying facts of a prior conviction. The decision whether to grant a motion for a mistrial lies within the sound discretion of the trial court, which is in the best position to determine whether a mistrial is necessary to protect a defendant's right to a fair trial (see People v White, 129 AD3d 1642, 1643 [4th Dept 2015], appeal dismissed 27 NY3d 990 [2016]; see also People v Ortiz, 54 NY2d 288, 292 [1981]). Here, defendant opened the door to the prosecutor's questioning and, thus, a mistrial was not warranted (see generally People v Rodriguez, 85 NY2d 586, 591 [1995]; People v Hall, 169 AD3d 1379, 1381 [4th Dept 2019], lv denied 33 NY3d 976 [2019]). We reject defendant's further contention that the motion should have been granted on the ground that the prosecutor violated the court's prior instructions by failing to seek a revised Sandoval determination once defendant opened the door to questions regarding the facts of the prior conviction. Here, nothing in the record suggests that, in failing to follow the court's directive, the People engaged in "willful misconduct" that would warrant the drastic remedy of a mistrial (White, 129 AD3d at 1643 [internal quotation marks omitted]).
We have considered defendant's remaining contentions and conclude that none warrants reversal or modification of the judgment.
Entered: June 5, 2026
Ann Dillon Flynn
Clerk of the Court